IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGEL VELAZQUEZ, | ) | |
| | ) | |
| Petitioner, | ) | 4:04CV3387 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, Director, | ) | MEMORANDUM OPINION |
| State of Nebraska Department | ) | |
| of Correctional Services, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on the motion to dismiss filed by the respondent Robert Houston ("Houston") (Filing No. 10). The petitioner, Angel Velazquez filed his response, captioned "Traverse To Answer" on May 5, 2005 (Filing No. 13). Having reviewed the motion, briefs, evidentiary submissions and the applicable law, the Court finds that respondent's motion to dismiss should be granted.

Petitioner Angel Velazquez ("Velazquez") filed his petition for writ of habeas corpus under 28 U.S.C. § 2254 on December 17, 2004 (Filing No. 1). In this petition Velazquez alleges that the trial court lacked subject matter jurisdiction because the information filed referenced the alleged child victim by her initials and date of birth, and not by her full name. This petition is in relation to Velazquez's May 30, 2003, conviction in a jury trial on charges of sexual assault of a child in Platte County District Court. Velazquez appealed his

conviction to the Nebraska Court of Appeals on three grounds: (1) that the trial court erred finding that the State had produced sufficient evidence to prove its case beyond a reasonable doubt, (2) that the trial court erred in denying his pre-trial motion for a psychiatric examination, and (3) that the trial court erred in denying his motion for a new trial based on newly discovered character evidence. In this appeal, Velazquez did not raise the issue of subject matter jurisdiction. The Nebraska Court of Appeals affirmed the decision of the trial court.

In *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982), the Supreme Court adopted a total exhaustion rule which requires district courts to dismiss habeas corpus petitions that are mixed, that is, those containing both exhausted and unexhausted claims. This rule leaves the petitioner with the choice of returning to state court to exhaust available state court remedies or amending the federal habeas petition to strike the unexhausted claims and to proceed on only the exhausted claims. *Id*. When the Court decided *Rose*, there was no federal time limit on the petitioner's ability to file a § 2254 petition, and thus there was no risk to the petitioner from dismissing a petition without prejudice.

Since the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal habeas petitioners are

subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This limit may time bar some petitioners' claims upon their return to federal court after exhausting their state court remedies following a dismissal without prejudice on exhaustion grounds. *Akins v. Kenney*, 341 F.3d 681, 685 (8th Cir. 2003). In *Akins*, the Eighth Circuit remanded a case for further proceedings to give Akins an opportunity to demonstrate cause and prejudice if the State of Nebraska argued that his claims were procedurally barred. *Akins*, 341 F.3d at 687.

In the present case, Velazquez has failed to raise the issue of subject matter jurisdiction in state court and has failed to exhaust available state court remedies. Thus, under *Rose*, this Court is required to dismiss this petition for failure to exhaust available state court remedies. Since Velazquez will not be prejudiced by the AEDPA's one-year statute of limitations because approximately six months remain before the one-year statute of limitations will have run, respondent's motion to dismiss will be granted. A separate order will be entered in accordance with this memorandum opinion.

DATED this 10th day of May, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court